Ullmann, Robert L., J.
The defendant, Alex Rosario (“Rosario”), moved to suppress (1) cellular tower site location information (“CSLI”) and (2) records reflecting phone numbers of outgoing and incoming calls, and time and duration of these calls (“call information”), for a cell phone that he allegedly used. The Court held a hearing on September 16, 2014, at which the Commonwealth conceded that suppression of CSLI for the phone is required under Commonwealth v. Augustine, 467 Mass. 230 (2014). The parties stipulated that the call information was obtained pursuant to two grand jury subpoenas duces-tecum issued by the Plymouth County District Attorney’s Office, which were marked as exhibits at the hearing. For the below reasons, The Defendant’s Motion to Suppress Cellular Telephone Evidence and Cellular Site Location Information Obtained by Law Enforcement Without a Warrant (Filing #45) is DENIED as to the subpoenaed call information.
DISCUSSION
Rosario acknowledges that Augustine involved only CSLI, not call information. However, he argues that the Supreme Court’s ruling in Riley v. California, 134 S.Ct. 2473 (2014), when considered with Augustine, *415 should lead to the suppression of any call information that the Commonwealth has obtained without a showing of probable cause. Because neither Augustine nor Riley compels or even contemplates such a result, this Court rejects Rosario’s argument and denies the motion as to his cell phone call information.
In Augustine, as in this case, the Commonwealth obtained the relevant records through a third-party subpoena to a telephone company, not directly from the defendant. 467 Mass. at 233-34. Therefore, a core issue in Augustine was whether the Supreme Court’s third-party doctrine or art. 14’s protections precluded the defendant from asserting a privacy claim with regard to CSLI. The Supreme Judicial Court (“SJC”) noted that:
the Supreme Court has identified the central premise of the [third-party] doctrine — at least as applied to records held by a third-party telephone company — to be that when one voluntarily conveys information to the company, such as the telephone numbers one is dialing, and knows that the company records this information for legitimate business purposes, one assumes the risk that the company will disclose that information to others, including the government. Smith, 442 U.S. at 743-44. In other words, in these circumstances, no expectation of privacy would be reasonable.
467 Mass. at 249 (internal citations omitted). The SJC recognized, however, that “tracking a person’s movements implicates privacy concerns.” Id. at 246; see Commonwealth v. Rousseau, 465 Mass. 372, 381-82 (2013) (discussing how GPS tracking implicates privacy concerns). The SJC therefore distinguished between a record of telephone numbers dialed from a defendant’s phone, the information at issue in Smith v. Maryland, 442 U.S. 735 (1979),[1] and CSLI, as follows:
We find a significant difference between the two. In Smith, the information and related record sought by the government, namely, the record of telephone numbers dialed, was exactly the same information that the telephone subscriber had knowingly provided to the telephone company when he took the affirmative step of dialing the calls. The information conveyed also was central to the subscriber’s primary purpose for owning and using the cellular telephone: to communicate with others. No cellular telephone user, however, voluntarily conveys CSLI to his or her cellular service provider in the sense that he or she first identifies a discrete item of information or data point like a telephone number . . . and then transmits it to the provider . . . Moreover, it is of course the case that CSLI has no connection at all to the reason people use cellular telephones.
Id. at 249-50 (internal citations omitted).
Based upon the privacy concerns implicated by tracking a person’s location, the SJC held that art. 14 required the Commonwealth to obtain a warrant for CSLI. Id. at 252-55. However, the Court explicitly stated that its ruling would not alter the third-party doctrine for traditional telephone records. Id. at 251. “[W]e do not reject categorically the third-party doctrine and its principle that disclosure to a third party defeats an expectation of privacy, and we see no reason to change our view that the third-party doctrine applies to traditional telephone records.” Id. (additional citations omitted). This Court recognizes that cell phone call information differs from “traditional” landl-ine call information in that a cell phone can be used from any location, while a landline cannot.[2] However, the Court reads Augustine as treating cell phone call information and landline call information equally for purposes of third-party doctrine. See id. at 251-52.
The Supreme Court’s ruling in Riley v. California, 134 S.Ct. 2473 (2014), does not in any way affect this analysis. At issue in Riley was the lawful scope of a search incident to arrest, without a warrant or other process.[3] Id. at 2480. The Court held that the Fourth Amendment prohibits a warrantless search of information on a cell phone in the defendant’s possession at the time of arrest. Id. at 2495.
There is no suggestion in Riley that the Court intended to limit the third-party doctrine in any respect, and certainly not as to telephone call information. On the contrary, the Court expressly rejected the government’s analogy that compared information on a defendant’s cell phone to the telephone toll records at issue in Smith, Id. at 2492.
Wiser judges than this Court have questioned the validity of third-party doctrine in the digital age. See, e.g., United States v. Jones, 132 S.Ct. 945, 957 (2012) (Sotomayor, J., concurring) (“More fundamentally, it may be necessary to reconsider the premise that an individual has no reasonable expectation of privacy in information voluntarily disclosed to third parties. This approach is ill suited to the digital age, in which people reveal a great deal of information about themselves to third parties in the course of carrying out mundane tasks”) (internal citations omitted). Indeed, the SJC carved out an exception to third-party doctrine in Augustine. However, this exception was limited in scope, and neither the Supreme Court nor the SJC has suggested that the exception will be expanded to telephone call information. At this point, telephone call information remains in the heartland of information that we provide to a third party with the expectation that records of our calls will be compiled. Here, the Commonwealth obtained such records through lawful process in the form of two subpoenas duces-tecum.
In sum, neither Augustine nor Riley limits the Commonwealth’s ability to obtain telephone call information by way of a third-party subpoena. Indeed, both *416 opinions suggest that the third-party doctrine remains unchanged as to such records. Therefore, call information for Rosario’s cell phone should not be suppressed.
ORDER
For the above reasons, The Defendant’s Motion to Suppress Cellular Telephone Evidence and Cellular Site Location Information Obtained by Law Enforcement Without a Warrant (Filing #45) is DENIED.

In Smith, the Supreme Court held that a telephone company’s installation of a pen register device to record the phone numbers dialed from the defendant’s telephone did not constitute a search under the Fourth Amendment. Id. at 745-46. The Court noted that “[t]his Court consistently has held that a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties.” Id. at 743-44, and cases cited.

In this respect, landline call information identifies the location of one participant to the call, i.e., where the landline phone is located, whereas cell phone call information does not provide a location, except to the extent that the other participant to the call is using a landline phone.

Riley and its companion case involved incriminating word descriptions obtained from the defendants’ cell phones. In one case, police found a term identified with a particular street gang. In the other case, police found a description of one incriminating phone number as “my house.” Id. at 2480-81. This is distinct from call information.